Robert I. Bodian (RB-2627)
Seth R. Goldman (SG-2452)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
The Chrysler Center
666 Third Avenue, 25th Floor
New York, New York  10017
(212) 935-3000

*Attorneys for Respondent*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHARLOTTE GARDNER and                    :
DANIELLE GARDNER, as Co-Executors                      06 CV 5998 (WHP)
and as Trustees of the Article SIXTH Trust,   :
created by the Last Will and Testament of
JOSEPH H. GARDNER,                       :      **ANSWER TO VERIFIED
                                                PETITION SEEKING
                                                PRELIMINARY**
                    Petitioners,         :      **INJUNCTION
                                                CONCERNING**
    -vs.-                                :      **DISPOSITION OF 160
                                                ASSOCIATES L.P.**
PETER WEISMAN,                           :

                    Respondent.          :
------------------------------------------------------------x

Respondent Peter Weisman ("Weisman"), by his attorneys, Mintz Levin Cohn

Ferris Glovsky and Popeo, P.C., as and for his Answer and Affirmative Defenses to the

Verified Petition of Charlotte Gardner and Danielle Gardner, as Co-Executors, and as

Trustees of the Article SIXTH Trust, created by the Last Will and Testament of Joseph

H. Gardner (the "Petitioners") seeking a preliminary injunction concerning 160

Associates L.P. (the "Petition"), answers the Petition:

     1.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 1 of the Petition.

2.       Admits that Petitioners commenced the action and denies the rest of the allegations contained in paragraph 2 of the Petition.

3.       Admits that Joe Gardener ("Decedent") died on or about March 1, 2006, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Petition, except admits that there exists a document that purports to be Decedent's Will and that the Will is being probated.

4.       Admits the allegations in Paragraph 4 of the Petition.

5.       Weisman denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Petition, excepts admits that at the time of Decedent's death, he was a General Partner with respect to 100 Fifth Avenue Company, L.P.; 14-15 Street Associates L.P.; West 56th Street Associates, L.P.; 160 Associates L.P. ("160 Associates"); and East 22nd Associates, L.P.  In addition, Decedent was a co-Managing Member with respect to P&J Realty Management, LLC.

6.       Admits the allegations in Paragraph 6 of the Petition.

7.       Admits the allegations in Paragraph 7 of the Petition.

8.       Denies the truth of the allegations in Paragraph 8 of the Petition, except admits that Petitioners commenced an arbitration proceeding against Weisman and refers the Court to the Agreement for its terms and conditions.

9.       Weisman denies the truth of the allegations in Paragraph 9 of the Petition.

10.     Denies the allegations contained in paragraph 10 of the Petition, except admits that Petitioners commenced a Will Construction proceeding before the Surrogate's Court.

2

NYC 369729v.1

11.    Denies the truth of the allegations in Paragraph 11 of the Petition, except admits that he entered into an Agreement of Limited Partnership (the "Agreement") with Joe Gardener, and respectfully refers the Court to its terms.

12.    Denies the truth of the allegations in Paragraph 12 of the Petition, except admits that Weisman and Decedent were General Partners under the Agreement concerning the property, and respectfully refers the Court to the terms of the Agreement.

13.    Denies the allegations contained in Paragraph 13 of the Petition, except admits that prior to Joe Gardener's death, he and Joe Gardener ran the 160 Associates partnership as general partners and that he currently resides in South Carolina.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Petition, except admits that pursuant to a letter agreement dated May 29, 2006 (the "May 29 Agreement"), the Trust was duly recognized as Joe Gardener's successor general partner in, among others, 160 Associates.

15.    Denies the truth of the allegations in Paragraph 15 of the Petition, and respectfully refers the Court to the Agreement of its terms and conditions.

16.    Denies the truth of the allegations in Paragraph 16 of the Petition, except admits that P&J Realty Management LLC ("P&J") acts as the managing agent for 160 Associates, along with being the managing agent for the properties owned by the other limited partnerships referred to in paragraph 5 above.

17.    Denies the allegations in Paragraph 17 of the Petition, and respectfully refers the Court to the Operating Agreement of P&J Realty Management, LLC (the "P&J Agreement") for its terms and conditions.

18.    Admits the allegations in Paragraph 18 of the Petition.

19.    Denies the truth of the allegations in Paragraph 19 of the Petition, and respectfully refers the Court to the P&J Agreement for its terms and conditions.

20.    Denies the truth of the allegations in Paragraph 20 of the Petition.

21.    Denies the truth of the allegations in Paragraph 21 of the Petition.

22.    Denies the truth of the allegations in Paragraph 22 of the Petition, except admits sending an undated letter to Petitioners, and respectfully refers the Court to that letter for its terms and conditions.

23.    Denies the allegations in Paragraph 23 of the Petition, and respectfully refers the Court to the terms of the May 29 Agreement for its terms and conditions.

24.    Denies the allegations in Paragraph 24 of the Petition, except admits that consistent with his rights under the May 29 Agreement, Weisman is entitled to market for sale 160 Associates.

25.    Denies the allegations in Paragraph 25 of the Petition, except admits thatWeisman has maintained the relationship begun by the Joseph Gardner with Massey Knakal Realty, and further admits that Massey Knakal provided to Joseph Gardner a valuation of the Property equal to $36,750,000.

26.    Denies the allegations in Paragraph 26 of the Petition, except admits that Joseph Gardner contacted the Metropolitan Transportation Association two or three years ago to inquire about acquiring air rights.

27.    Admits the allegations in Paragraph 27 of the Petition.

28.    Denies the allegations in Paragraph 28 of the Petition, except admits that Weisman is acting consistent with his rights and obligations under the May 29 Agreement.

4

NYC 369729v.1

29.    Admits the allegations in Paragraph 29 of the Petition.

30.    Denies the allegations in Paragraph 30 of the Petition, and respectfully refers the Court to the terms of the May 29 Letter and the Agreement for their terms and conditions.

31.    Denies the allegations in Paragraph 31 of the Petition, except admits that Weisman is acting in accordance with his rights afforded under the May 29 Agreement.

32.    Admits the allegations in Paragraph 32 of the Petition.

33.    Denies the allegations in Paragraph 33 of the Petition, and respectfully refers the Court to the Demand for Arbitration for its terms and conditions.

34.    Denies the allegations in Paragraph 34 of the Petition.

35.    Weisman repeats and realleges each and every allegation contained in Paragraphs 1 through 34 of the Answer as if fully set forth herein.

36.    Denies the allegations in Paragraph 36 of the Petition.

37.    Denies the allegations in Paragraph 37 of the Petition.

38.    Denies the allegations in Paragraph 38 of the Petition.

39.    Denies the allegations in Paragraph 39 of the Petition.

40.    Denies the allegations in Paragraph 40 of the Petition.

## FIRST AFFIRMATIVE DEFENSE

1.    The Petition fails to state a claim upon which relief can be granted

## SECOND AFFIRMATIVE DEFENSE

2.    The dispute at issue is governed by an arbitration provision and Petitioners have commenced an arbitration before the American Arbitration Association.

3.    The appropriate forum to resolve this dispute is in the arbitration.

NYC 369729v.1

## THIRD AFFIRMATIVE DEFENSE

4.    The Petitioners have suffered no harm and, to the extent they have been harmed, such injury was caused by their own inequitable and culpable conduct or by that of a third-party, and not by any action of inaction of Weisman.

## FOURTH AFFIRMATIVE DEFENSE

5.    By virtue of Petitioners' breach of contract, other misconduct and unclean hands, they are barred from recovery.

## FIFTH AFFIRMATIVE DEFENSE

6.    Weisman has performed all of his obligations under the Agreement, except as may be excused by Petitioners' breach or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

7.    The Petition should be denied by operation of the doctrines of waiver and estoppel.

WHEREFORE, Weisman respectfully requests that the Court deny all of Petitioners' claims, dismiss the Petition with prejudice and grant Weisman such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         September 6, 2006

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO, P.C.

_____
Robert I. Bodian (RB-2627)
Seth R. Goldman (SG-2452)
The Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000

*Attorneys for Respondent Peter Weisman*

6