```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLOTTE GARDNER, et al. and           :
DANIELLE B. GARDNER, as Co-Executors,   :    06 CV 5998 (WHP)
And as Trustees of the Article SIXTH Trust  :  (Filed Electronically)
Created by the Last Will and Testament of   :
JOSEPH H. GARDNER                       :
                                        :    DECLARATION OF
              Petitioners,              :    DANIELLE B. GARDNER
                                        :
       -against-                        :
                                        :
PETER WEISMAN                           :
                                        :
              Respondent.               :
                                        :
------------------------------------------------------------X
```

Danielle Gardner, of full age, hereby declares as follows:

1.  I am a Petitioner in this action in my capacity as a trustee of the Trust created by Article Sixth of the Last Will and Testament of Joseph H. Gardner (the "Trust") and co-executor of the Estate of Joseph H. Gardner. I submit this Declaration in opposition to Peter Weisman's application to cancel a Notice of Pendency affecting real property located at 156-160 West Street in the City of New York (the "Property").

### A. Mr. Weisman Seeks To Avoid His Agreement To Arbitrate

2.  Petitioners filed an arbitration to prevent Mr. Weisman from selling the Property to a third party. This Court held that the parties' right of first refusal agreement regarding the Property is enforceable. Petitioners complied with this Court's Order and exercised their right of first refusal. The parties dispute whether Petitioners exercised their right of first refusal. The parties do not dispute that the arbitration panel should and will decide that issue. Mr. Weisman brings this motion to sell the Property before the arbitration panel renders an award. Mr. Weisman should not be allowed to avoid his agreement to submit the issues raised by this motion to the arbitration panel. Mr. Weisman's motion is improper and should be denied.

1

**B. Background**

3. In 1975, my father, Joseph Gardner, and Peter Weisman became co-general partners in 160 Associates L.P. (the "Partnership"). For approximately 38 years, my father and Mr. Weisman were co-general partners in numerous real estate ventures, including the Partnership. Although my father and Mr. Weisman were partners, my father managed and operated the various real estate ventures, including the Partnership. My father passed away on March 1, 2006.

4. Under the 160 Associates L.P. Agreement of Partnership (the "Partnership Agreement"), the general partners manage and control the Partnership, including, but not limited to, selling the Property. A copy of the Partnership Agreement is attached as Exhibit A. Under my father's will, he designated that his interest in the Partnership would pass to a Trust, of which I am a co-trustee. After my father's death, Mr. Weisman began to act as though he was the sole general partner of the various real estate ventures, including the Partnership. After the Trust objected, Mr. Weisman consented to the substitution of the Trust as a co-general partner.

**C. The May 29th Agreement**

5. On May 29, 2006, Mr. Weisman and The Weisman Family Group and myself and The Gardner Family Group, the Estate and the Trust entered into a right of first refusal agreement concerning five of the real estate ventures, including the Partnership (the "May 29th Agreement"). A copy of the May 29th Agreement is attached as Exhibit B. The Partnership is not a party to the May 29th Agreement. Under the May 29th Agreement, each party has the right to sell the Property subject to a right of first refusal, such that the non-selling party agrees to purchase the selling party's interest (the "Weisman Real Property Interests"), at a price equivalent to the amount that the selling party would have received had the Property been sold to a third party.

### D. The Legal Proceedings

6. As a result of Mr. Weisman acting as if he were the sole general partner of the Partnership, Petitioners commenced an arbitration before the American Arbitration Association (the "Arbitration"), as required under the Partnership Agreement. A copy of the Statement of Claim is attached as Exhibit C. In July 2006, Petitioners filed a Verified Petition with the Surrogate's Court. Mr. Weisman removed the Surrogate's Action to this Court. On August 21, 2006, this Court found that the May 29th Agreement was enforceable. On March 26, 2007, Petitioners filed a Notice of Pendency. A copy of the Notice of Pendency is attached as Exhibit D. On March 29, 2007, Petitioners filed a Second Amended Statement of Claim in the Arbitration. A copy of the Amended Statement of Claim is attached as Exhibit E.

### E. Petitioners Compliance With This Court's Order Regarding The Enforceability Of The May 29th Agreement

7. Since this Court's found that the May 29th Agreement is enforceable, Petitioners have sought to exercise their right of first refusal by purchasing the Weisman Real Property Interests at a price greater than he would have received had the Property been sold to a third party. Mr. Weisman has refused, without justification, to accept Petitioners' offer. Mr. Weisman categorizes Petitioners' compliance with this Court's Order as a "180 degree change with respect to the validity of the May 29 Agreement". Mr. Weisman, however, not Petitioners, has changed his position with respect to the validity of the May 29th Agreement insofar as he now refuses to abide by its terms, despite previously arguing for its enforcement. Mr. Weisman also contends that the filing of the Notice of Pendency was inappropriate. Mr. Weisman's conduct following this Court's Order -- attempting to the sell the Property before the arbitration panel decides whether he has the right to do so -- demonstrates, however, that Petitioners' filing of the Notice of Pendency was not only appropriate but also necessary.

3

**F. Mr. Weisman's Failure To Recognize The Trust's Right of First Refusal**

8. On March 2, 2007, Mr. Weisman sent a letter accompanied by a contract of sale to sell the Property to a third party. A copy of the March 2, 2007 letter is attached as Exhibit F. On March 21, 2007, in accordance with this Court's Order, I notified Mr. Weisman that the Trust was exercising its right of first refusal. I also asked Mr. Weisman to have his Counsel contact the Trust's Counsel to coordinate the sale of the Property. A copy of the March 21, 2001 letter is attached as Exhibit G.

9. Neither Mr. Weisman nor his Counsel responded. Rather, forty days after my letter, on April 30, 2007, Mr. Weisman claimed that the Trust failed to exercise its rights under the May 29th Agreement. Mr. Weisman also threatened to sell the Property to a third party. A copy of the April 30, 2007 letter is attached as Exhibit H. On May 1, 2007, I explained that the Trust exercised its rights under the May 29th Agreement and an attempt to sell the Property to a third party would violate the May 29th Agreement. A copy of the May 1, 2007 letter is attached as Exhibit I.

10. On May 3, 2007, Mr. Weisman, despite his claim that the Trust refused to exercise its rights under the May 29th Agreement, sent a letter setting forth a calculation regarding the amount that the Trust was required to pay him, which is contradicted by the terms of the May 29th Agreement. Mr. Weisman again threatened to sell the Property to a third party. A copy of the May 3, 2007 letter is attached as Exhibit J. On May 4, 2007, I told Mr. Weisman that the Trust was ready to purchase the Weisman Real Property Interest and an attempt to sell to a third party would violate the May 29th Agreement. A copy of the May 4, 2007 letter is attached as Exhibit K.

4

11. Thereafter, the Trust attempted on several occasions to purchase the Weisman Real Property Interests at a price greater than that he would have received had the Property been sold to a third party. Mr. Weisman, however, despite initially agreeing to such a deal as part of a global settlement, refused to finalize the global settlement.

12. On December 13, 2007, Mr. Weisman resubmitted his March 2nd letter and the Contract of Sale dated March 1, 2007 to sell the Property to a third party, to which the Trust had already responded. A copy of the December 13, 2007 letter is attached as Exhibit L. On January 2, 2008, I explained to Mr. Weisman that the Trust had exercised its right of first refusal and that the arbitration panel will decide whether he is permitted to sell the Property. A copy of the January 2, 2008 letter is attached as Exhibit M.

13. On January 7, 2008, Mr. Weisman sent a letter inaccurately describing the parties' previous attempts to reach a global settlement and setting forth a proposal for the Property - only one of the properties that were an integral part of the global settlement. A copy of the January 7, 2008 letter is attached as Exhibit N. On January 15, 2008, I explained that the Trust was ready to close on either of the global settlements previously agreed to by the parties or, alternatively, to close on the Property in accordance with the May 29th Agreement. I further explained that as an additional alternative, the Trust was ready to close simultaneously on the Property and two of the other properties that were a part of the global settlement proposal and asked Mr. Weisman or his Counsel to contact Counsel for the Trust to discuss the closing under any of the foregoing alternatives. A copy of the January 15, 2008 letter is attached as Exhibit O.

14. Neither Mr. Weisman nor his Counsel responded to the offer(s). Instead, Mr. Weisman filed this motion to vacate the Notice of Pendency so that he can sell the Property before the arbitration panel decides whether he has the right to do so. On March 5, 2008, Petitioners sent a letter to the AAA seeking a conference to request an application to prevent Mr. Weisman from selling the Property to a third party. A copy of the March 5, 2008 letter is attached as Exhibit P. The AAA has not yet scheduled a conference.

### G. Conclusion

15. The Notice of Pendency was filed in March 2007. Mr. Weisman took no action until January 2008. The arbitrators have been selected and the parties are ready to arbitrate. Mr. Weisman has not demonstrated how he will be prejudiced if this Court denies this motion or stays this Action until the arbitration panel renders an award. The reason why Mr. Weisman does not explain why he took no action or how he will be prejudiced if this Court denies this motion or stays the Action is readily apparent - he cannot do so.

Dated: March 21, 2008
      New York, New York

                                                Danielle B. Gardner