**CHAMBERS COPY**

*The Clerk of Court is directed to terminate all pending motions and to mark this case closed.*

SO ORDERED.

WILLIAM H. PAULEY III U.S.D.J.
4/23/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CHARLOTTE GARDNER and DANIELLE B.           :
GARDNER, as Co-Executors, and as Trustees of :    06 CV 5998 (WHP)
the Article SIXTH Trust Created by the Last    :
Will and Testament of JOSEPH H. GARDNER,    :
                                               :    **STIPULATION AND ORDER**
                          Petitioners,          :
                                               :
         – against –                             :
                                               :
PETER WEISMAN,                                 :
                                               :
                          Respondent.           :
------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4/24/2008

   IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel:

   1.   The Motion made by Respondent Peter Weisman to cancel the *Lis Pendens* placed on 152-160 West 16th Street by Petitioner is withdrawn with prejudice.

   2.   The arbitration proceeding initiated by Petitioner concerning 160 Associates L.P., before the American Arbitration Association, case number 13-101-01642-06, is withdrawn with prejudice.

   3.   The Clerk of the County of New York is directed to cancel and vacate the notice of pendency heretofore filed by Petitioners against 152-160 West 16th Street, New York, N.Y. (the "Property").

   4.   The above-captioned action is hereby settled and discontinued as to all matters relating to 160 Associates L.P. without further costs to any party.

   5.   Petitioners possessed a valid right of first refusal with respect to 160 Associates L.P. pursuant to an agreement with Respondent dated May 29, 2006, and

Petitioners validly and bindingly exercised their right of first refusal to purchase the partnership interests of Respondent and Weisman Associates L.P. ("Weisman Associates") (such partnership interests, collectively, the "Weisman Interests"), who together own 29% of the general and limited partnership interests in 160 Associates L.P. (the "Property Owner")

  6. The closing ("Closing") on the purchase of the Weisman Interests shall take place at the office of Petitioners' attorneys at 10:00 a.m. on April 30, 2008 (the "Closing Date") and all adjustments shall be made as of such Closing Date. At the Closing, Respondent shall execute and deliver (a) assignments of the Weisman Interests in a form prepared by Petitioners, (b) an amendment to the Certificate of Limited Partnership of 160 Associates L.P. reflecting the substitution of Petitioners or their designee for Respondent as the general partner, (c) a consent whereby Respondent and Weisman Associates vote their respective interests in 160 Associates L.P. consenting to the substitution of Petitioners or their designee for Respondent as a general partner of 160 Associates L.P., and (d) such other documents as are reasonably acceptable to Respondent, pursuant to which all of the Weisman Interests shall be transferred to the order of Petitioners or their designee as of the Closing Date. At the Closing, Petitioners agree that the leases for apartment units 6B, 6D and 6E (the "Specified Apartment Units") at the Property shall be extended until one year after Closing (unless earlier terminated by any of the tenants thereunder upon 30 days prior written notice) at a ten percent increase in the current rental thereunder, at which time said leases shall terminate. Respondent shall cause each of the tenants in the Specified Apartment Units to execute and deliver at Closing a stipulation prepared by Petitioners stating that each of the leases

with respect to the Specified Apartment Units shall terminate one year after the Closing, and that each of the tenants thereunder shall vacate the Specified Apartment Units at such time. Respondent shall cause Max McGee, the tenant in apartment unit 3H at the Property, to execute and deliver at Closing a stipulation prepared by Petitioners stating that the lease with respect to such apartment unit shall terminate 90 days after the Closing, and that he shall vacate such apartment unit at such time.

7. At the Closing, Petitioners or their agents shall pay to Respondent by certified or bank check or by wire transfer the purchase price (subject to customary apportionments as determined by Adelman Katz & Mond LLP with the assistance of the parties, including the apportionment of any rents (which shall be apportioned at Closing to the extent such rents are no more than 45 days in arrears, but for those rents that are more than 45 days in arrears, such rents shall be apportioned as and when collected after deducting legal fees in connection with the collection thereof), prepaid expenses (including real estate taxes), cash balances on hand and cash reserved for or being held in connection with the existing mortgage at the time of Closing in accordance with the Weisman Interests which is 29%), which shall be calculated as follows:

| | |
|---|---|
| Gross Selling Price of Property: | $43,500,000 |
| Less the Mortgage Balance as of 4/30/08: | (4,600,425) |
| Less 100% of Transfer Taxes (3.025% of total value): | (1,315,875) |
| Less 3% Brokerage Commission that would have been payable upon a sale of the property to a third party: | <u>(1,305,000)</u> |
| Equals the Net Selling Price of Property: | $36,278,700 |

|  |  |
|---|---|
| Purchase Price for Weisman Interests @ 29%: | $10,520,823 |
| Plus 29% of Real Estate Tax Escrow As of 4/30/08 (29% of $140,352.38): | 40,702[1] |
| Equals the amount to be paid at Closing: | $10,561,525 |

Respondent acknowledges that the deposit by Petitioners of $250,000 in escrow with Morrison Cohen LLP in connection with the exercise of the right of first refusal by Petitioners to purchase the Weisman Interests shall be released to Petitioners at Closing, and Respondent and Weisman Associates shall thereafter have no rights in connection therewith.

8. The parties shall request the accountants for 160 Associates L.P. to itemize all other cash items, accruals for insurance premiums and net accounts receivable of 160 Associates L.P. as of the Closing Date (collection of all receivables shall be presumed), and such balance shall also be paid at the Closing by a check issued to Respondents by 160 Associates L.P.

9. Upon payment as aforesaid being made at the Closing, Respondent releases Petitioners from any and all claims to the Closing Date relating to 160 Associates L.P. and Respondent releases Petitioners from any and all claims to the Closing Date relating to 160 Associates L.P.

10. (a) Respondent acknowledges that he did not deal with any brokers or incur any brokerage commissions in connection with the transaction described in this

---

[1] Petitioners believe that this line item should read as follows:
"Plus 29% of Real Estate Tax Escrow
As of 4/30/08 (29% of $100,116)    29,034"
Adelman Katz & Mond LLP shall make the final determination of this amount at Closing with the assistance of the parties.

Stipulation, except with respect to Massey Knakal Realty Services ("Massey"), pursuant to that certain Massey Knakal Realty Services (Exclusive Right to Sell Listing Agreement) dated November 13, 2006 between Massey and Respondent on behalf of 160 Associates L.P. (the "Massey Brokerage Agreement"). Petitioners shall pay a brokerage commission to Massey at Closing in the amount of $210,478.00 (the "Massey Commission Amount") in connection with the Massey Brokerage Agreement as evidenced by the invoice attached hereto as Exhibit A (the "Massey Invoice"). Respondent hereby agrees to indemnify, defend with counsel acceptable to Petitioners, and hold the Property Owner and Petitioners, and any member, officer, director, employee, representative, agent, trustee, shareholder, partner, principal, parent, subsidiary or other direct or indirect affiliate of the Property Owner or Petitioners, and their respective successors or assigns harmless from and against any and all losses, liabilities, damages, actions, suits, proceedings, claims, demands, orders, assessments, amounts paid in settlement, fines, costs or deficiencies, including without limitation, interest, penalties, and attorneys' fees and costs, including the cost of seeking to enforce this indemnity to the extent such enforcement is successful, caused by, or resulting or arising from, or otherwise with respect to (i) any brokerage commissions claimed by any broker other than Massey representing Respondent in connection with this transaction, and (ii) any claims by Massey that the commission to which it is entitled in connection with the transaction described in this Stipulation is in excess of the Massey Commission Amount. This indemnification shall survive the Closing.

11.    (b)    Petitioners acknowledge that they did not deal with any brokers or incur any brokerage commissions in connection with the transactions contemplated by

this Stipulation, and hereby agree to indemnify, defend with counsel acceptable to Respondent, and hold Respondent, and any member, officer, director, employee, representative, agent, trustee, shareholder, partner, principal, parent, subsidiary or other direct or indirect affiliate of Respondent, and its successors or assigns harmless from and against any and all losses, liabilities, damages, actions, suits, proceedings, claims, demands, orders, assessments, amounts paid in settlement, fines, costs or deficiencies, including without limitation, interest, penalties, and attorneys' fees and costs, including the cost of seeking to enforce this indemnity to the extent such enforcement is successful, caused by, or resulting or arising from, or otherwise with respect to any brokerage commissions claimed by any broker representing Petitioners in connection with this transaction. This indemnification shall survive the Closing.

12. P&J Realty Management LLC ("P&J") shall continue to manage the Property for a period of 30 days after the Closing at a charge to Petitioners of $11,733 for such 30 day period. Petitioners shall transition the management of the Property from P&J to another property manager by the end of such period, and the Property Owner shall have no right to the services of P&J thereafter. Petitioners shall use commercially reasonable efforts to cause the Property Owner to open a new operating and/or checking account for the Property on or prior to Closing, it being acknowledged that same shall not be a condition to Closing.

13. Respondent shall take no action to market or sell the Property prior to Closing.

14. The parties shall instruct The Mazursky Group, Inc. ("Mazursky") to distribute any real estate tax refunds received by Mazursky pursuant to that certain letter

agreement dated October 11, 2007 between Mazursky and Respondent (on behalf of the Property Owner) in connection with the Property, after deducting Mazurky's fees and the fees of Brandt Steinberg & Lewis LLP in connection therewith, as follows: 29% to Respondent, and 71% to Petitioners. If either party receives more than its pro rata share of such real estate tax refunds, such party shall distribute the portion of such real estate tax refund which is in excess of such party's pro rata share thereof to the other party. This provision shall survive the Closing.

15. Except for emergency repairs, all construction at the Property commissioned by Petitioners in excess of $1,500 occurring between the date hereof and the Closing shall require the consent of Respondent. To the extent such consent is granted by Respondent, Respondent shall be entitled to reimbursement for 29% of the cost of such work (in addition to 29% of the cost of any capital improvements incurred by the Property Owner from March 1, 2008 through the date hereof) at Closing to the extent such work was paid for by the Property Owner prior to the Closing. Respondent hereby consents to the replacement of the kitchens and other capital improvements to apartment units 3I and 5D at the Property, provided that Respondent shall be entitled to reimbursement for 29% of the cost of such work at Closing to the extent such work was paid for by the Property Owner prior to the Closing.

16. This Stipulation and Order may be enforced by an action for specific performance. In connection with such an action for specific performance, the parties agree that injunctive relief and/or the filing of a Notice of Pendency concerning the Property shall be appropriate. The parties further agree that the attempt to convey the Property or the Weisman Interests in violation of the terms of this Stipulation and Order

without Petitioners' prior written consent shall constitute irreparable harm to Petitioners entitling them to obtain injunctive relief preventing such a conveyance upon the posting of a bond not to exceed $10,000.

17. If any party brings an action arising from or relating to this Stipulation, the prevailing party shall recover from the non-prevailing party reasonable legal fees and expenses incurred in connection therewith.

18. The Court shall retain jurisdiction to hear and determine any issues which may arise with respect to the implementation of this Stipulation and Order.

19. The entry by the parties into this Stipulation and Order is for the sole purpose of resolving claims with respect to the Property, and none of the terms hereof or agreements reached herein shall have any precedential meaning, value or use in connection with any other dispute between or among the parties.

Dated: New York, N.Y.
      April 4, 2008

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO P.C.

By:_____
     Robert I. Bodian, Esq.
666 Third Avenue
New York, NY 10017
(212) 935-3000
  Attorneys for Respondent

MORRISON COHEN LLP

By:_____
     Y. David Scharf, Esq.
909 Third Avenue
New York, NY 10022
(212) 735-8600
  Attorneys for Petitioners

SO ORDERED:

_____
     U.S.D.J.

_____ _____, 2008

Exhibit A
Massey Invoice



# Invoice For Services Rendered

March 20, 2008

Mr. Peter Weisman
c/o Mark Lebow, Esq.
770 Lexington Ave, 7th Fl.
New York, NY 10021
VIA FAX: (212) 935-4864

RE: 160 West 16th Street
    **The Weisman Interest**

*Invoice for the above interest only:*

| Adjusted Net Selling Price | x | Weisman Interest | x | 2% Commission |
|---|---|---|---|---|
| $36,289,363 | x | 29% = $10,518,584 | | |
| | | x    2% | | |
| | | $210,478 | | |

**Total Commission Due:**                         $210,478

Commission is due and payable upon closing of title.

Please make check payable to:

Massey Knakal Realty Services
275 Madison Avenue, 3rd Floor
New York, NY 10016

*Thank you for thinking of Massey Knakal Realty Services
for your real estate needs in New York.*

ffny01\frasted\613158.13